HENRY A. GILBERT, ADMINISTRATOR, C. T. A. *vs.* BENJAMIN S. SELLECK, EXECUTOR, ET AL.

Third Judicial District, New Haven, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, GAGER and CURTIS, Js.

The plaintiff sued upon an alleged oral contract of indemnity, while the defendants pleaded that the contract, if any, was one "to pay or to take care of" certain promissory notes; and upon appropriate instructions the plaintiff had a verdict. *Held* that this imported a finding by the jury of the contract of indemnity set up in the complaint, and thus eliminated from the case the contract "to pay," as claimed by the defendants.

Under the law of this State an action upon a promise of indemnity accrues, and the statute of limitations begins to run, only when the loss or damage in fact occurs and not when the liability thereto attaches.

General Statutes, § 6171, permits a plaintiff in a suit which has been dismissed for want of jurisdiction in the Circuit Court of the United States for the District of Connecticut, to commence a new action for the same cause within one year thereafter. *Held:—*

1. That this clause, which was inserted in the statute in 1917 (Public Acts of 1917, Chap. 53), authorized the continued maintenance of the plaintiff's action, which was begun in the State court August 2d, 1911, a little over a year before the dismissal of a similar action in the Federal court.

2. That the Act, in lifting the bar of the statute of limitations which had once attached, and permitting an action for the recovery of the debt, did not deprive the defendants of their property without due process of law and thereby violate the Fourteenth Amendment

Gilbert v. Selleck.

of the Federal Constitution, since the defendant debtors had no vested property-right in the statute of limitations and could not justly complain because the effect of the Act was to compel them to fulfil their honest obligations.

The defendants pleaded a former judgment in bar. *Held* that such defense could not prevail, as the issues in the two cases were not identical, nor did they relate to the same contracts; and, moreover, that the decedents represented by the defendants in the present action were not parties in the former case—though they testified as witnesses—, and had no opportunity to control or manage that litigation.

It is incumbent upon those who rely upon the effect of a former judgment as a bar, to show either that the parties are identical or that the present litigants took part in, or had been given the opportunity to participate in, the conduct and management of the earlier suit.

A former judgment cannot bar an action for the breach of a contract of indemnity if no breach had occurred when such judgment was rendered.

For error in the instructions respecting damages, a new trial of the entire cause must be ordered, unless there is some way by which this court can ascertain how the amount of the verdict, apparently inadequate, was reached.

An appeal which the appellant withdraws provided its success requires a new trial of the whole case, is purely academic.

Argued January 23d—decided April 16th, 1919.

ACTION to recover damages for breach of an alleged contract of indemnity, brought to the Superior Court in Fairfield County and tried to the jury before *Warner, J.;* verdict and judgment for the plaintiff for $7,755, and appeal by the defendants. *No error on either appeal.*

*Frederick H. Wiggin,* with whom was *James D. Dana,* for the appellants (defendants Benjamin Selleck *et al.,* executors).

*Aaron T. Bates,* for the appellant (defendant David E. David, administrator).

*Howard W. Taylor,* with whom was *Henry C. Wilson,* for the appellee (plaintiff).

WHEELER, J. The substituted complaint rests this action upon a claimed breach of an oral contract of indemnity made and entered into November 8th, 1883, between Isaac Selleck, plaintiff's intestate, and Benjamin and Darius Selleck, defendants' intestates, by which Benjamin and Darius agreed that in consideration of the transfer to them by Isaac of certain personal property which he claimed to own, they would indemnify and save Isaac and his father, William B. Selleck, and his mother, Martha Selleck, from pecuniary liability by reason of certain notes made to Daniel Head and Head & Company by William, and signed by Isaac and Martha for the accommodation of William. Subsequently Head obtained judgments in Wisconsin against Isaac, William and Martha on these notes, and in August, 1900, action on these judgments was brought in Connecticut against Isaac and Martha and judgment obtained, which Isaac paid on August 2d, 1904.

The complaint further sets up that Isaac paid about $2,500 in contesting this action, and that these expenditures were made in good faith and were reasonable, and made in the belief that the notes had been paid by Benjamin and Darius, or had been purchased by them of Head. The plaintiff claimed to recover the payments made in satisfaction of the judgments and in contesting the action. The original parties to this action have deceased and their representatives have entered their appearance. The claim of Isaac was duly presented to defendants' representatives.

The defendants' answer denies that Darius and Benjamin made the agreement of indemnity alleged, or that they incurred any obligation, aside from the contract of indemnity, to pay the Head notes, or that Isaac was the owner of this personal property, or that Isaac contested the suits in good faith, or expended the sums claimed, or that there is anything due the

plaintiff; and the administrator of Darius denies the allegation of the second presentation of the claim by Isaac. The verdict of the jury settled these issues in favor of the plaintiff, and as a consequence all these controverted facts must have been found against the defendants.

The defendants pleaded two additional defenses: (1) that the action was barred by the statute of limitations; (2) that the agreement "to pay and indemnify" was set up in a prior suit to which these defendants were privy, and that the plaintiff is bound by the judgment therein.

The instructions of the court as to these two defenses are the only questions pressed in argument by the defendants. The facts upon which the defense of *res adjudicata* rests will be taken up when we consider the charge upon this defense.

The defendants begin their argument by insisting that because there was evidence that the alleged contract, if any, was "to pay and indemnify," they were entitled to the charge requested, that such a contract was barred by the statute of limitations.

We do not consider this question as being in the case. The trial court submitted the case to the jury "to determine primarily whether there was such a contract of indemnity as the plaintiff set up in his substituted complaint," as the consideration of the transfer of the personal property. It instructed the jury that if they found the consideration of the transfer was merely a "contract to pay or to take care of" the Head notes, there would have been a breach of that agreement when the notes became due, and therefore the statute of limitations would be a complete defense. The pleadings specifically raise the issue between a contract of indemnity and one to pay. Assuming that under the denial a contract "to pay and indem-

nify" might have been shown, we do not understand that the record indicates with clearness that evidence of such a contract was given. But if such evidence had been received, it was without effect in view of the manner in which the case was submitted to the jury. The verdict imported a finding by the jury of the contract of indemnity set up in the complaint. And our concern is not to speculate about a contract not found to have been made, but to determine the legal effect of the contract of indemnity found by the jury to have been made.

In the next place, the defendants argue that the statute of limitations, if the contract was one of mere indemnity, ran from the time when the Wisconsin judgments were issued and execution levied thereunder, and not from the date of payment of the judgment, as the court charged. Our law is the reverse of this. The statute of limitations begins to run, in the case of a mere promise of indemnity, from the time the promisee actually meets his liability under the promise, and not from the time his liability begins. The period of loss or damage determines when the statute begins to run. *Graves* v. *Johnson*, 48 Conn. 160, 164; *Lathrop* v. *Atwood*, 21 Conn. 117, 124; *Hall* v. *Thayer*, 53 Mass. (12 Metc.) 130, 135; Buswell on Limitations, § 181; 25 Cyc. p. 1093.

Since the plaintiff was obliged to bring his action upon his contract of indemnity within six years from August 2d, 1904, the date when he paid the judgments, the statute would, in the absence of remedial legislation, have barred the action. General Statutes, § 6171, permits the plaintiff to begin a new action for the same cause at any time within one year after the determination of the original action, or after the reversal of the judgment in certain named classes of cases where there has been a failure to prosecute the action within the

time limited, and in order to avoid the injustice which would result from the strict enforcement of the statute. The statute, as it was prior to 1913, did not cover with its saving grace a case such as the plaintiff's action. But the General Assembly, in the Public Acts of 1913, Chapter 206, and in the Public Acts of 1915, Chapter 191, by amendments to General Statutes (1902) § 1127, attempted to legislate so as to bring the plaintiff's action within the provisions of this remedial Act. The parties concede that such was the legislative intent. We shall not stop to examine these Acts, since in the Public Acts of 1917, Chapter 53, the provisions of this section, as amended in 1913 and 1915, were made to apply "to any action brought to the circuit court of the United States for the district of Connecticut which was dismissed for want of jurisdiction." This section, with these several amendments, is now § 6171 of the General Statutes. The case of *Gilbert* v. *David*, 235 U. S. 561, 35 Sup. Ct. 164, was such an action as the amendment of 1917 contemplated. The action was begun on November 5th, 1904. On April 27th, 1911, and October 5th, 1911, defendants filed motions to dismiss for want of jurisdiction. The jury was impanelled on August 26th, 1912, and at the conclusion of the testimony the court dismissed the suit upon the sole ground of want of jurisdiction. The order of dismissal was made over eleven months subsequent to the bringing of this action. This action involved the same ground of action as the present case. By the express terms of the statute the administrator of the plaintiff in the original action was given authority to "commence a new action for the same cause at any time within one year after the determination of the original action." In its very terms the statute expressly gives to this plaintiff the right to maintain this action.

This remedial legislation is assailed as in violation
of the Fourteenth Amendment to the Constitution of
the United States, which declares that no State shall
"deprive any person of life, liberty, or property, with-
out due process of law." The action it seeks to affect
is based upon a contract of indemnity to recover for
the violation of an implied promise to pay money.
"The statute of limitations does not destroy the debt,
it merely takes away the remedy." After its bar has
operated the debtor may waive it. He may make
a new promise to pay, and the existing debt is a suffi-
cient consideration. A vested right in a remedy which
the debtor may disregard, would be an anomaly. The
debt, and hence the obligation to pay, never ceases.
Hence it is that the repeal of the statute, under which
the bar has fallen, lifts the bar and permits recovery of
the debt theretofore barred. The statute was the
creation of the legislative will, and its repeal did not
affect the debt, it merely again permitted the enforce-
ment of an existing obligation. The question has been
authoritatively settled in *Campbell* v. *Holt*, 115 U. S.
620 (6 Sup. Ct. 209), in which opinion, on page 629,
Mr. Justice Miller said: "We are unable to see how
a man can be said to have *property* in the bar of the
statute as a defence to his promise to pay. In the
most liberal extension of the use of the word property,
to chose in action, to incorporeal rights, it is new to
call the defence of lapse of time to the obligation to
pay money, property. It is no natural right. It is
the creation of conventional law. . . . We can see no
right which the promisor has in the law which permits
him to plead lapse of time instead of payment, which
shall prevent the legislature from repealing that law,
because its effect is to make him fulfil his honest ob-
ligations." The reason for the variant ruling in actions
to recover real or personal property was thus stated

(p. 623): "By the law in existence before the repealing Act, the property had become the defendant's. Both the legal title and the real ownership had become vested in him, and to give the Act the effect of transferring this title to plaintiff, would be to deprive him of his property without due process of law." *Id. In re Salmon,* 161 C. C. A. 308–311, 249 Fed. Rep. 300–303.

Error is predicated upon the charge of the court that the former judgment pleaded in bar did not judicially determine the matters in controversy in the present action, because the parties and the subject-matter in these actions were not the same.

The action in which the judgment pleaded was rendered was brought by Daniel Head against Isaac Selleck, the original plaintiff in this action, for the recovery of certain judgments obtained in the United States Circuit Court for Wisconsin. Neither of the original defendants herein, Darius or Benjamin Selleck, nor those now representing their estates, were parties to this former action, although Darius and Benjamin Selleck had notice of the former action and were witnesses upon its trial. One of the defenses in the former action was that the judgments had been paid, and the manner of payment was stated to be that the judgments were predicated on certain notes and that Martha Selleck and her husband had transferred their homestead to Darius and Benjamin upon this trust: that they would pay these notes with the proceeds of the personal property placed in their hands by Isaac H. Selleck, or by the proceeds from the homestead, or both, and prevent the foreclosing of the Bain mortgage upon the homestead, and that in violation of their agreement they collusively permitted the foreclosure of this mortgage; that Isaac purchased the homestead, on the foreclosure sale, for $2,544.77, and subsequently deeded it to Darius and Benjamin for $1, when the true con-

sideration was the payment of these judgments. The reply to this defense joined issue upon these allegations. The real issue upon this defense was that the judgments had been paid. The defense states specifically in what manner the judgments were paid. The consideration for the transfer of this personal property is not stated in the defense. It is thus clear that this fact was not put directly in issue by this defense. It does not alter this conclusion if the defendants in that case, as the record indicates, did offer a large amount of evidence that Darius and Benjamin had agreed with Isaac that the consideration for the transfer of the personal property was the agreement to pay and take care of the four Head notes. All of this evidence was at best an incident of the trial. The consideration for the transfer of this personal property was not put in issue by this defense. If it be conceded that the contract of indemnity in the present case arose out of the same transaction as the contract to pay the Head notes in the Head and Selleck action, it would not follow that the proof of the last-named contract would bar proof of the first-named. In legal effect the two contracts are totally different. The defendants herein, induced perhaps by this obvious legal situation, are led to find the agreement in the present action to be one to "pay and indemnify." And they build upon this foundation their argument that the agreement to "pay and take care of" these notes, litigated in the former action, is a bar to the present action. This question does not arise, for the agreement of the substituted complaint, and the argument submitted to the jury, is one "to indemnify" and not one "to pay and indemnify." What, if any, legal distinction there may be between these two agreements, we do not consider.

One other fact is abundantly persuasive of the soundness of our conclusion. The breach of the con-

tract of indemnity occurred after the judgment rendered in the former action. Action for that breach could not be barred by a judgment rendered prior to the breach which only arose upon the payment of that judgment by Isaac. *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 285, 58 Atl. 963.

But the absence of identical issues is not the only one of the essential identities absent from these two actions. Darius and Benjamin Selleck were not parties to the former action. They were present at the trial in no relation except as witnesses. They did not have the opportunity to control or manage the litigation. They did not ask to have a part in its defense, nor were they asked to take part in it. Their mere presence as witnesses does not establish the fact of their participation in the trial, or the fact that they had an opportunity to defend the action. Until knowledge and the opportunity to appear were established, they could not be bound by the judgment rendered. *Ladany* v. *Assad*, 91 Conn. 316, 323, 99 Atl. 762; *Wright* v. *Andrews*, 130 Mass. 149. The finding "that neither of the defendants offered any evidence that either of them had been given an opportunity to undertake, or that either of them did undertake, as parties, the prosecution or the defense of the said Head action," fully justified the charge that neither the present original defendants in the present action nor those who represent their estates were parties to the case of Head v. Selleck in the eye of the law. Because the identity of issues and parties does not coexist between the present action and the former action, the judgment in the former action does not bar the pending action. *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 284, 58 Atl. 963.

The plaintiff's appeal on the question of damages resolves itself to this: that the verdict of the jury

necessarily involved a finding that Isaac H. Selleck paid Head the amount due on the judgments, viz. $5,422.92, which, with interest thereon from the time of payment to the day of verdict, would amount to $9,883.17; and that under the instruction of the court the jury were bound to award a recovery for this sum, together with such further sum as they might find he had paid for costs and expenses in the reasonable defense of the former action against him. When the jury returned a verdict for $7,755.77, the plaintiff moved that the jury be instructed to return to their jury room and render a verdict for the $5,422, with interest added thereto from August 2d, 1904.

We are inclined to the view that the trial court at this stage of the proceedings might well have instructed the jury that if they found the issues, aside from the question of the expenditures in defending the former action, in favor of the plaintiff, they should render a verdict in accordance with the claim of the plaintiff. Such an instruction would leave the finding of the facts and issues with the jury. The instruction asked directed the jury in its finding of these. If the failure to instruct the jury as moved by the plaintiff was error on the part of the court, a new trial of the entire case must follow, for we have no way of ascertaining how the verdict was made up. *McBridge* v. *Huckins*, 76 N. H. 206, 213, 81 Atl. 528. The plaintiff's appeal is wholly academic, since he expressly withdraws it if its allowance carries with it a new trial on the merits.

There is no error on either appeal.

In this opinion the other judges concurred.