ROBERT K. LIPPMANN ET AL. *v.* EVAN RASHKOFF
(11799)

LAVERY, LANDAU and HEIMAN, Js.

Argued June 7—decision released July 27, 1993

*David A. Moraghan,* with whom, on the brief, was *Lawrence M. Peck, Jr.,* for the appellants (plaintiffs).

*Beth A. Barrett,* with whom, on the brief, was *Thomas A. Kaelin,* for the appellee (defendant).

HEIMAN, J. The plaintiffs[1] appeal from the judgment of the trial court granting the defendant's motion to

---

[1] The plaintiffs are the named plaintiff and his father.

dismiss. On appeal, the plaintiffs assert that the trial court improperly (1) held that General Statutes § 52-592, the accidental failure of suit statute, did not apply to actions originally commenced in a foreign jurisdiction, (2) interpreted that statute restrictively, (3) deprived them of their state constitutional right afforded to them by article first, § 10, of the Connecticut constitution, and (4) violated rights afforded to them by the fourteenth amendment to the United States constitution and article first, § 20, of the Connecticut constitution. We affirm the trial court's judgment.

The following facts are necessary to a resolution of this appeal. In September, 1991, the plaintiffs brought a negligence action in the United States District Court for the southern district of New York. They alleged that the named plaintiff suffered injuries as a result of the defendant's negligent treatment in October and November, 1989. On January 2, 1992, the federal court dismissed the action for lack of personal jurisdiction over the defendant.

By writ and complaint, returnable on August 11, 1992, the plaintiffs brought their negligence action in the Superior Court for the judicial district of Litchfield. In their complaint, the plaintiffs alleged that their action was brought pursuant to General Statutes § 52-592, the accidental failure of suit statute. The defendant filed a motion to dismiss the action claiming that § 52-592 does not apply to the plaintiffs' lawsuit because the action was first filed in the federal court in New York and not in a Connecticut state or federal court. As a result, the defendant claimed that the plaintiffs' malpractice claims were barred by the two year statute of limitations set forth in General Stat-

utes § 52-584.[2] The plaintiffs filed a memorandum in opposition asserting that § 52-592 applied to their actions.[3]

General Statutes § 52-592 (d) provides in relevant part that the accidental failure of suit provisions shall pertain to "any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action *brought to any court in this state,* either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, *and to any action brought to the United States circuit or district court for the district of Connecticut* which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or

---

[2] General Statutes § 52-584 provides in pertinent part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[3] The plaintiffs did not raise in their memorandum of law in support of their opposition to the defendant's motion to dismiss or during oral argument before the trial court that failure to apply General Statutes § 52-592 would deprive them of their state and federal constitutional rights. Practice Book § 4185 provides that the Appellate Court "shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." The plaintiffs' failure to raise these issues with the trial court deprived it of the opportunity to consider these issues. We are not obligated to review any claims that were not properly raised and preserved before the trial court. *Calfee* v. *Usman,* 224 Conn. 29, 32–33 n.3, 616 A.2d 250 (1992); *Board of Education* v. *Local 1282,* 31 Conn. App. 629, 633, 626 A.2d 1314 (1993). Moreover, the plaintiffs failed to brief adequately and to provide us with an analysis of their state constitutional claims and we choose not to consider these claims. *State* v. *Joyner,* 225 Conn. 450, 458–59 n.4, 625 A.2d 791 (1993); *State* v. *Hernandez,* 28 Conn. App. 126, 131 n.2, 612 A.2d 88, cert. denied, 223 Conn. 920, 614 A.2d 828 (1992).

writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error." (Emphasis added.) The applicability of General Statutes § 52-592, construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within a state or federal court in this state. General Statutes § 52-592; see also *Gilbert* v. *Selleck,* 93 Conn. 412, 417, 106 A. 439 (1919) (discussing amendment to precursor to § 52-592 in which legislature extended coverage of the accidental failure of suit statute to actions brought in federal court in Connecticut). The plaintiffs failed to file their original action in either a state court in Connecticut or a federal court in Connecticut. They chose to bring their action in the southern district of New York and thus failed to meet the standards for the application of General Statutes § 52-592. General Statutes § 52-592 (d) does not save the plaintiffs' action from the running of the statute of limitations. The trial court properly granted the defendant's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.