[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT YALE UNIVERSITY'S MOTION FOR SUMMARYJUDGMENT
This action was commenced on July 20, 1993 when the plaintiff, Sharon Louden, filed a negligence action against the defendants, Charles Brand Machinery and Yale University, in the Superior Court for the Judicial District of New Haven. On July 28, 1993, the plaintiff filed an amended four count complaint alleging that she suffered injuries as a result of the defendants' negligence on October 16, 1990. Counts three and four were directed at the defendant Yale University. The plaintiff further alleges that she previously initiated this action on August 2, 1991 against the defendants in the Supreme Court of the State of New York, that that court dismissed the action for forum non conveniens on January 5, 1993, and that the present action is commenced under C.G.S. Section52-592. Yale University has filed revised special defenses, claiming as its first special defense that the present action is barred by the applicable statute of limitations as set forth in General Statutes § 52-584.
Before the court at this time is a motion for summary judgment filed by Yale on counts three and four[1] of the plaintiff's complaint, accompanied by a supporting memorandum, based on its special defense that the present negligence claim is barred by the two year statute of limitations set forth in General Statutes § 52-584. CT Page 11529 Yale argues that § 52-592 does not apply to the present action since the action was first filed in the Supreme Court of the State of New York and not in a Connecticut state or federal court. The plaintiff has filed a memorandum in opposition asserting first, that § 52-592 applies to the present action, and second, that to grant the motion for summary judgment would deprive the plaintiff of access to our courts without due process of law in violation of her federal and state constitutional rights.
A motion for summary judgment is the appropriate instrument for adjudication "when the documents submitted in support of the . . . motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Shuster v. Buckley, 5 Conn. App. 473, 477,500 A.2d 240 (1985), citing Burns v. Hartford Hospital, 192 Conn. 451,472 A.2d 1257 (1984).
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. In deciding a motion for summary judgment, "the evidence must be viewed in a light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." (Citations omitted; internal quotation marks omitted.) Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986). "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp. , supra, 105-06.
General Statutes § 52-592(a) provides, in pertinent part, "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ." Section52-592(d) provides, in pertinent part, that "[t]he provisions of this section shall apply . . . to any action between the same parties or the legal representatives of either of them for the same cause CT Page 11530 of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court."
In a case which appears to be on all fours with the present case the Appellate Court held that Section 52-592, the so-called "accidental failure of suit statute", is not applicable to this factual situation.
 General Statutes § 52-592(d) provides in relevant part that the accidental failure of suit provisions shall pertain to "any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut
which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error." (Emphasis added.) The applicability of General Statutes § 52-592, construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within a state or federal court in this state. General Statutes § 52-592; see also Gilbert v. Selleck, 93 Conn. 412, 417, 106 A. 439 (1919) (discussing amendment to precursor to § 52-592 in which legislature extended coverage of the accidental failure of suit statute to actions brought in federal court in Connecticut). The CT Page 11531 plaintiffs failed to file their original action in either a state court in Connecticut or a federal court in Connecticut. They chose to bring their action in the southern district of New York and thus failed to meet the standards for the application of General Statutes § 52-592. General Statutes § 52-592(d) does not save the plaintiffs' action from the running of the statute of limitations. The trial court properly granted the defendant's motion to dismiss.
Lippmann v. Rashkoff, 32 Conn. App. 187, 189, 190 (1993).
The plaintiff refers to the language of three cases in support of her claim that Section 52-592 is applicable to this case. These cases, Lacasse v. Burns, 214 Conn. 464, 470 (1990); Mizell v.Welch, 245 F. Sup. 143 (1965); and Bealle v. Nyder's Inc.,245 F. Sup. 86 (1965), are not analogous to the present case and, it is to be noted, were decided prior to Lippman, supra. This court must proceed on the assumption that the Appellate Court, in deciding theLippman case, was aware of these earlier cases. The holding inLippman is clear and unambiguous. In order for a plaintiff to utilize Section 52-592, the action which was previously terminated not on its merits must have been commenced in a state or federal court in the state of Connecticut.
In the present case, the plaintiff concedes that this action was not initially commenced in either a state or federal court in Connecticut. The plaintiff chose to bring her claim in the Supreme Court of the State of New York thereby failing to meet the standards for the application of General Statutes § 52-592. Therefore, § 52-592 is not applicable to the facts of this case and does not save the plaintiff's action from the running of the statute of limitations.
General Statutes § 52-584 provides, in pertinent part, that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ." It is not disputed that the plaintiff failed to file her cause of action in Connecticut within the two year period set by the statute.
The plaintiff also claims that if the court concludes that CT Page 11532 General Statutes Section 52-592 does not apply to this case, and that the two year statute of limitations applies, thereby barring this cause of action, that this determination would deprive the plaintiff of access to our courts in violation of her due process and equal protection rights as provided in the fourteenth amendment to the United States Constitution and article first, sections 10
and 20 of the Connecticut Constitution.
It is the plaintiffs' position that the Appellate Court's decision in Lippman, supra, violates the fourteenth amendment of the United States Constitution, and Sections 10 and 20 of ArticleFirst of the Connecticut Constitution. The court notes that the plaintiff in Lippman did attempt to make the same constitutional violation claims that the plaintiff in this case is making, but that the Lippman court refused to consider these claims because they were not made before the trial court and, in addition they were not adequately briefed or analyzed before the Appellate Court.Lippman, supra, p. 189, n 3. Therefore, the decision in Lippman is not dispositive of the constitutional violations claimed by the plaintiff in the present case.
One who challenges the constitutionality of a statute is faced with a formidable task. Every presumption is to be given in favor of the constitutionality of a statute.
 "`[A] plaintiff, in challenging the constitutionality of a statute, must sustain the burden of proving that the effect or impact of the challenged statute on him adversely affects a constitutionally protected right which he has. "This means a right which he proves that he has under the facts of his particular case and not merely under some possible or hypothetical set of facts not proven to exist." Hardware Mutual Casualty Co. v. Premo . . . [153 Conn. 465, 471, 217 A.2d 698]' Adams v. Rubinow, 157 Conn. 150, 152, 251 A.2d 49." Again quoting from Adams v. Rubinow we also repeated in Kellems v. Brown, supra, 486: "It is well settled that a plaintiff who attacks a statute on constitutional grounds has no easy burden. As this court said in Adams v. Rubinow, . . . . `Because of the separation of powers, one claiming that a legislative enactment is CT Page 11533 invalid on the ground that it is unconstitutional must establish its invalidity on that ground beyond a reasonable doubt.'"
169 Conn. 267, 307-308 (1975).
 The plaintiffs' next claim is that the trial court's rendering of summary judgment for the defendants premises on the inapplicability of General Statutes §§ 52-592 and 52-593 violates the plaintiffs' right to redress guaranteed by article first, § 10, of the Connecticut constitution. We disagree. The plaintiff has not been deprived of an opportunity to bring an action. The opportunity was there, but was limited by time. It is within the legislature's authority to determine how quickly actions for claims of injury must be brought. Burns v. Hartford Hospital, 192 Conn. 451, 460, 472 A.2d 1257 (1984).
Vessichio v. Hollenbeck, 18 Conn. App. 515, 520 (1989).
In order to sustain her burden of establishing that an interpretation of General Statutes Sections 52-592 and 52-584 which causes her suit to be barred is a violation of constitutionally protected rights which she has, the plaintiff must establish these violations beyond a reasonable doubt. In determining whether the plaintiff has made such a showing in this case, the court is required to "make every presumption and intendment in favor of its validity". New Milford v. SCA Services of Connecticut Inc.,174 Conn. 146, 148.
The court finds that the plaintiff has not met the heavy burden of proving the unconstitutionality of the statutes in question beyond a reasonable doubt. Therefore, there being no genuine issue of material fact relative to the issues raised by the motion for summary judgment, the court finds as a matter of law that Section 52-592 is not applicable to the facts of this case, and that the two year statute of limitations as provided in Section52-584 had expired prior to July 20, 1993, when this action was commenced.
For the reasons stated above, the motion for summary judgment filed by the defendant Yale University is granted. CT Page 11534
William L. Hadden, Jr. Judge