**Robert J. JARVIS, Plaintiff,**

v.

**Frederick LEVITSKY and Marcia A. Levitsky, Defendants.**

**No. 3:94cv522 (RNC).**

United States District Court, D. Connecticut.

Jan. 24, 1996.

Robert B. Keville, New London, CT, Michael P. Lynch, Cranston, RI, for plaintiff.

Michael J. O'Sullivan, Christopher M. Reeves, Hartford, CT, for defendants.

*RULING ON MOTION TO DISMISS*

CHATIGNY, District Judge.

The issue presented by defendants' motion to dismiss is whether subsection (d) of Connecticut's accidental failure of suit statute, Conn.Gen.Stat. § 52–592, which preserves certain actions that otherwise would be barred by the running of the statute of limitations, applies to actions originally brought outside Connecticut. Though this issue has not been decided by the Connecticut Supreme Court, the Appellate Court has held that the statute applies only to actions commenced in the state courts of Connecticut or this court. *Lippmann v. Rashkoff,* 32 Conn. App. 187, 190, 628 A.2d 624 (1993). See also *Louden v. Charles Brand Mach., Inc.,* No. CV–93–0349370, 1994 WL 668078, at *3, 1994 Conn.Super. LEXIS 2958, at *7 (Nov. 18, 1994). After careful consideration, I think the Connecticut Supreme Court would reach the same conclusion.

On October 30, 1991, there was an automobile accident in Connecticut involving plaintiff Robert J. Jarvis, a Rhode Island resident,

and defendant Marcia A. Levitsky, a resident of Connecticut. On October 27, 1993, plaintiff brought suit in the United States District Court for the District of Rhode Island to recover damages for injuries allegedly sustained in the accident. On January 6, 1994, the case was dismissed for lack of personal jurisdiction. Plaintiff then filed the present action on March 30, 1994, more than two years after the accident.

The defendants contend that this action is barred by Conn.Gen.Stat. § 52–584, which requires that a personal injury suit be brought within two years of the date the injury is sustained or discovered. Plaintiff argues that the action is not barred because it is saved by subsection (d) of § 52–592.

Subsection (a) of § 52–592 provides that a plaintiff may commence a new action if a previous action "has been dismissed for want of jurisdiction." Subsection (d) then lists the actions to which "[t]he provisions of this section shall apply." The list includes "any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, ... and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court."

The quoted language does not expressly exclude actions commenced outside Connecticut. However, absent evidence to the contrary, it is appropriate to infer that the legislature intended its list to be exclusive. *State v. Kish*, 186 Conn. 757, 766, 443 A.2d 1274 (1982). Such an inference is particularly appropriate here because, as the Appellate Court noted in *Lippmann*, the statute was amended to extend its coverage to actions brought in this court. See *Gilbert v. Selleck*, 93 Conn. 412, 417, 106 A. 439 (1919), cited by *Lippmann*, 32 Conn.App. at 190, 628 A.2d 624.

Section 52–592 "is remedial and is to be liberally interpreted." *Ross Realty Corporation v. Surkis*, 163 Conn. 388, 393, 311 A.2d 74 (1972). Construing the statute to encompass the action plaintiff commenced in the District of Rhode Island would serve the statute's remedial purpose by permitting adjudication of plaintiff's claim on the merits. See *Isaac v. Mount Sinai Hosp.*, 210 Conn. 721, 728, 731, 557 A.2d 116 (1989). I have no doubt that the Connecticut Supreme Court would adopt that construction of the statute if it could. See *Templer v. Zele*, 166 Ariz. 390, 391, 803 P.2d 111 (1990) (noting trend toward application of saving statutes to cases commenced in other states). However, like the Appellate Court in *Lippmann*, I believe that the language of the statute, as amended, does not permit a construction that extends the statute's coverage to actions commenced in other states.

Accordingly, defendant's motion to dismiss is granted.

So ordered.