[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 17, 1996
FACTS
This is an action by the plaintiffs, Carl Loges and Diedre Scott, seeking damages against the defendant, Toni Richard, Commissioner of Mental Retardation, pursuant to General Statutes § 19a-24. The plaintiffs filed their original complaint on January 13, 1995, which they amended once on March 24, 1995, and again on May 15, 1995. The plaintiffs had originally filed claims with the Claims Commissioner (#13775), pursuant to General Statutes § 4-142, which was dismissed on June 14, 1994, for lack of jurisdiction.[1] The plaintiffs assert that they are bringing the present action pursuant to General Statutes §52-592, the Accidental Failure of Suit statute and/or General Statutes § 52-293,[2] for actions brought against the wrong CT Page 4924 defendant.
The plaintiffs allege that they were employees of the New London County Association of Retarded Citizens (NLCARC), but that due to the April 9, 1992, report titled "Abuse and Neglect Summary Investigation Report" (Report) prepared by Kathy M. Daly, Deputy Commissioner, their employment with the NLCARC was terminated. The plaintiffs claim that this report was improperly compiled, incomplete and contained misstatements and misinformation, and further that as a result of this Report, the possibility of criminal charges was raised and articles about the Report appeared in area newspapers, causing the plaintiffs to suffer embarrassment, humiliation, anxiety and emotional distress. The plaintiffs assert claims for negligence in count one, recklessness in count two and intentional infliction of emotional distress in count three.
The defendant filed the present motion to dismiss counts one and two of the complaint on June 5, 1995. The plaintiffs filed an objection on April 4, 1996. Pursuant to Practice Book § 143, both parties have submitted appropriate supporting memorandums of law.
DISCUSSION
A motion to dismiss attacks the court's jurisdiction to hear the present action: "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 514, 590 A.2d 914 (1991). In ruling upon a motion to dismiss, "the complaint [is to be] construed most favorably to the plaintiff." American LaundryMachinery, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031
(1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
There are three separate elements of the jurisdiction of a court: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render a particular judgment.Castro v. Viera, 207 Conn. 420, 433, 541 A.2d 1216 (1988). Subject matter jurisdiction "is the power of the court to hear and decide cases of the general class to which the proceedings in question belong." Gurliacci v. Mayer, supra, 218 Conn. 542. "The issue of subject matter jurisdiction may be raised at anyCT Page 4925time . . ." (Emphasis added) Lewis v. Gaming Policy Board,224 Conn. 693, 698, 620 A.2d 780 (1993). Although "every presumption is to be indulged in favor of jurisdiction"; id. at 543; "[t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Sadloski v. Manchester,228 Conn. 79, 84, 634 A.2d 888 (1993).
The defendant in the present case argues that the plaintiffs cause of action accrued on or about April 9, 1992, when the Report was published, but that the plaintiff first filed an action in the Superior Court on January 13, 1995, nine months beyond the two-year statute of limitations applicable to actions for personal injuries caused by negligence and/or recklessness, as mandated by General Statutes § 52-584. The defendant further contends that, since the plaintiffs' original action was commenced and dismissed by the Claims Commission and not by a state or federal court within this state, General Statutes §52-592 is inapplicable and this court therefore lacks subject matter jurisdiction.
The plaintiffs argue that § 52-592 applies generally to toll the statute of limitations where actions have been dismissed for formal defects in jurisdiction, whether or not originally brought before a federal or state court of this state. The plaintiffs stress that § 52-592 is not intended to be used as a device for avoiding responsibility, but to prevent miscarriages of justice that would be occasioned by denying a plaintiff its day in court because of various procedural defects. The plaintiffs conclude that, since the defendant had knowledge of the present action well before the statute of limitations ran, it would constitute such a miscarriage of justice to allow him to escape responsibility because of the plaintiffs' procedural mistake.
The parties to the present case do not appear in any way to dispute that the plaintiffs causes of action accrued on or soon after April 9, 1992. See Burns v. Hartford Hospital, 192 Conn. 451,454-56, 472 A.2d 1257 (1984). Nor do either of the parties dispute that the two year statute of limitations provided for in General Statutes § 52-584 is the limitations period applicable to the present case. See Lambert v. Stovell, 205 Conn. 1,4, 529 A.2d 710 (1087). It would follow that the filing by the plaintiffs of the complaint that commenced this action in the Superior Court on January 13, 1995, two years and nine months later after the publication of the Report, was clearly beyond the CT Page 4926 applicable limitations period. General Statutes § 52-584. The only remaining issue, therefore, is whether the first two counts of the plaintiffs' complaint can be spared by the application of § 52-592.
What the plaintiffs in the present case are asking this court to hold is that a claim that should have been commenced in the Superior Court, but was erroneously brought before the Claims Commissioner instead, falls within the meaning of "action" as used in § 52-592. Section 52-592 states in pertinent part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
* * * *
 (d) The provisions of this section shall apply . . . any action between the same parties or the legal representatives of either of them for the same cause of action or subject of action brought to any court in this state, either before dismissal of the original action and its affirmance or within one year after the dismissal and affirmance, and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error.
(Emphasis added.)
It has been stated of the purpose of § 52-592 that "[t]his statute, by its plain language, is designed to prevent a miscarriage of justice if the plaintiff fails to get a proper day CT Page 4927 in court due to the various enumerated procedural problems";Legassey v. Shulansky, 28 Conn. App. 653, 659, 611 A.2d 930
(1992); and further that "[the word `action' has no precise meaning and the scope of proceedings which will be included within the term as used in the statutes depends upon the nature and purpose of the particular statute in question." Carbone v.Zoning Board of Appeals, 126 Conn. 602, 605, 13 A.2d 462 (1940). In one of the most recent decisions on the scope of § 52-592, however, the court held explicitly that "[t]he applicability of General Statutes § 52-592, construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within a state or federal court in this state."
(Emphasis added.) Lippmann v. Rashkoff, 32 Conn. App. 187, 190,628 A.2d 624 (1993).
In the present case, the plaintiffs commenced their action before the Claims Commission, not a state or federal court within this state. Therefore, the court finds that § 52-592 is inapplicable to the present case. Lippmann v. Rashkoff, supra,32 Conn. App. 190. It would follow that this court lacks subject matter jurisdiction over the first and second counts of the plaintiffs' complaint. Id.
CONCLUSION
Based on the foregoing, the defendant's motion to dismiss counts one and two of the plaintiffs' complaint is granted.
AUSTIN, J.