ARUTE BROTHERS, INC. *v.* DEPARTMENT OF
TRANSPORTATION
(AC 25002)

Schaller, Dranginis and McLachlan, Js.

Argued November 19, 2004—officially released February 8, 2005

*Lawrence G. Rosenthal,* with whom were *Pamela Levin Cameron* and, on the brief, *Mark A. Rosenblum,* for the appellant (plaintiff).

*Peter R. Huntsman,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

DRANGINIS, J. The question presented in this appeal is whether an arbitration conducted pursuant to General Statutes § 4-61 is an action to which General Statutes § 52-592, the accidental failure of suit statute, applies. We conclude that a § 4-61 arbitration proceeding is not an action under § 52-592 and affirm the judgment of the trial court.

The following facts, as alleged in the complaint, are relevant to our resolution of this appeal. On November 30, 1989, the plaintiff, Arute Brothers, Inc., entered into a contract with the defendant, the department of transportation, to construct and repair certain bridges in Fairfield County. On October 30, 1995, the plaintiff submitted to the defendant a claim for additional services provided and delay related costs under the provisions of the contract. In November, 1998, the plaintiff filed a demand for arbitration pursuant to § 4-61 (b).[1] The

---

[1] General Statutes § 4-61 provides in relevant part: "(a) Any . . . corporation which has entered into a contract with the state, acting through any of its departments . . . for the . . . construction [or] repair . . . of any . . . bridge . . . of the state . . . may, in the event of any disputed claims under such contract . . . *bring an action against the state to the superior court* for the judicial district of Hartford for the purpose of having such claims determined, provided notice of each such claim under such contract and the factual bases for each such claim shall have been given in writing to the agency head of the department administering the contract within the period which commences with the execution of the contract . . . and which ends two years after the acceptance of the work by the agency head . . . .

"(b) *As an alternative to the procedure provided in subsection (a)* of this section, any such . . . corporation having a claim under said subsection (a) may submit a demand for arbitration of such claim or claims for determination under (1) the rules of any dispute resolution entity, approved by such . . . corporation and the agency head and (2) the provisions of subsections (b) to (e), inclusive, of this section . . . . The provisions of this subsection shall not apply to claims under a contract unless notice of each such claim and the factual bases of each claim has been given in writing to the agency head of the department administering the contract within the

defendant did not respond to the demand for arbitration until October, 2000, when it filed a motion to dismiss the claim for lack of jurisdiction. At a hearing held on February 20, 2001, the defendant asserted for the first time that the plaintiff's demand for arbitration did not contain a copy of the October 30, 1995 claim letter and therefore subject matter jurisdiction was wanting. The arbitration panel held a hearing on July 10, 2001, and ruled on September 13, 2001, that the matter should be dismissed for lack of subject matter jurisdiction.[2] On September 12, 2002, the plaintiff commenced this action pursuant to § 52-592.

The defendant filed a motion to dismiss the action for lack of subject matter jurisdiction, claiming, among other things, that the plaintiff improperly relied on § 52-592 because that statute applies only to cases that previously have been brought in court, not to arbitration.[3] The court granted the motion to dismiss on the ground that the action was not commenced within the three year limitation period contained in § 4-61 and that the action was not saved by the accidental failure of suit statute because it was not commenced within one year

time period which commences with the execution of the contract . . . and which ends two years after the acceptance of the work by the agency head . . . . No action on a claim under such contract shall be brought under this subsection except within the period which commences with the execution of the contract or the authorized commencement of work on the contract project, whichever is earlier, and which ends three years after the acceptance of the work by the agency head . . . or three years after the termination of the contract, whichever is earlier. . . ." (Emphasis added.)

[2] The arbitrators found that, pursuant to § 4-61 (b), the demand for arbitration filed by the plaintiff was a single page form demand, which did not allege the facts and contractual or statutory provisions that formed the basis of the claim and that it failed to establish sufficient facts to bar the defendant from raising the defense that the plaintiff had failed to comply with § 4-61 (b).

[3] The defendant also claimed that the arbitrators' award constituted a full settlement of the plaintiff's claims and the plaintiff failed to move that the award be vacated, the plaintiff's statutory notice to the agency head was insufficient as a matter of law, the demand for arbitration was insufficient as a matter of law and the complaint failed to state a cause of action.

after the determination of an original action for the same cause. The court held that "[t]he term 'action,' for the purpose of [§ 52-592] means a civil action commenced in a court of law, not an arbitration before a panel of arbitrators as an alternative to a civil action." The plaintiff appealed, claiming that the court improperly dismissed the action by concluding that the word *action* means a civil action commenced in a court of law rather than an arbitration proceeding. We agree with the trial court.

The standard of review concerning an appeal from the granting of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Neiman* v. *Yale University*, 270 Conn. 244, 250–51, 851 A.2d 1165 (2004). Whether the trial court has subject matter jurisdiction is a question of law over which we exercise a plenary standard of review. Id., 251. In this instance, the legal issue is whether an arbitration proceeding is an action pursuant to § 52-592, which requires us to construe the statute. The plenary standard of review also applies to statutory construction. *Tighe* v. *Berlin*, 259 Conn. 83, 89, 788 A.2d 40 (2002).

Section 52-592 provides in relevant part: "(a) If *any action*, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . . (d) The provisions of this section shall apply to . . .

the same cause of action or subject of action brought to any court in this state . . . and to any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed . . . because of lack of jurisdiction in such court. . . ." (Emphasis added.)

The question before us is whether the word *action* encompasses an arbitration proceeding under § 4-61. The very nature of the issue in this appeal requires us to examine both § 52-592 and § 4-61. "The meaning of the statute shall, in the first instance, be ascertained from the *text of the statute itself and its relationship to other statutes.* If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Emphasis added.) Public Acts 2003, No. 03-154, § 1. The plaintiff properly argues that the accidental failure of suit statute is to be construed liberally; see *Metcalfe* v. *Sandford*, 271 Conn. 531, 538, 858 A.2d 757 (2004); and we are aware of numerous appellate court decisions construing the word *action* pursuant to § 52-592. Id., 538–39. We therefore acknowledge that the word *action* in the context of the statute is not plain and unambiguous.

Our Supreme Court has "consistently held that our accidental failure of suit statute . . . § 52-592, is remedial and is to be liberally interpreted. . . . Further, [our Supreme Court has] recognized that the word action may encompass a broad scope. In a general sense the word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Citation omitted; internal quotation marks omitted.) Id., 538; see also *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 557 A.2d 116 (1989).

"[T]he word action has no precise meaning and the scope of proceedings which will be included within the term as used in the statutes depends upon the nature and purpose of the particular statute in question. . . . Because the word action may have different meanings in different contexts . . . we [take] a functional approach in our construction of the [word], eschewing the application of inflexible rules in favor of contextual analysis." (Internal quotation marks omitted.) *Metcalfe* v. *Sandford*, supra, 271 Conn. 538; see also *Carbone* v. *Zoning Board of Appeals*, 126 Conn. 602, 607, 13 A.2d 462 (1940).

"[T]he extension of time [in § 52-592 is] in terms made applicable to all cases where a *suit* seasonably begun [has] failed for the causes stated . . . . Therefore, § 52-592 applies only when there has been an original action that had been commenced in a timely fashion. . . . Although the term action is not defined within the terms of § 52-592, we have generally defined the term as the lawful demand of one's right in a *court of justice*; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Capers* v. *Lee*, 239 Conn. 265, 271, 684 A.2d 696 (1996). "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." General Statutes § 52-45a. An arbitration demand made pursuant to § 4-61 (b) does not meet the straightforward statutory summary of the

contents of a civil action. See footnote 1; see also *Isaac v. Mount Sinai Hospital,* supra, 210 Conn. 729.

The relevant language of § 4-61 supports our conclusion that an arbitration proceeding· is not an action under § 52-592. Section 4-61 provides in relevant part: "(a) Any . . . corporation . . . which has entered into a contract with the state . . . may, in the event of any disputed claims under such contract . . . *bring an action against the state to the superior court for the judicial district of Hartford . . . .* (b) *As an alternative to the procedure provided in subsection (a)* of this section, any such . . . corporation having a claim under said subsection (a) may submit a demand for arbitration of such . . . claims . . . ." (Emphasis added.) Clearly and unambiguously, § 4-61 provides that a corporation that enters into a contract with the state may choose one of two ways in which to resolve a dispute under the contract: The corporation may bring an *action* in the Superior Court or the corporation may submit a demand for arbitration.

The fact that subsection (a) of § 4-61 uses the term action and subsection (b) uses the terms alternate procedure and demand for arbitration is significant. "[T]he legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction. . . . [T]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Citations omitted; internal quotation marks omitted.) *Hatt* v. *Burlington Coat Factory,* 263 Conn. 279, 310, 819 A.2d 260 (2003).

Our construction of subsection (d) of § 52-592 is consistent with this court's decision in *Lippmann* v. *Rashkoff*, 32 Conn. App. 187, 628 A.2d 624 (1993). In *Lippmann*, the plaintiffs first commenced an action in the United States District Court for the Southern District of New York. Id., 188. The action was dismissed for lack of personal jurisdiction. Id. Thereafter, the plaintiffs commenced an action pursuant to § 52-592 in the Superior Court in Connecticut. Id. "The defendant filed a motion to dismiss the action claiming that § 52-592 does not apply to the plaintiffs' lawsuit because the action was first filed in the federal court in New York and not in a Connecticut state or federal court." Id. The trial court granted the motion to dismiss and this court upheld the dismissal, stating: "The applicability of General Statutes § 52-592, construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within *a state or federal court* in this state. General Statutes § 52-592; see also *Gilbert* v. *Selleck*, 93 Conn. 412, 417, 106 A. 439 (1919) (discussing amendment to precursor to § 52-592 in which legislature extended coverage of the accidental failure of suit statute to actions brought in federal court in Connecticut). The plaintiffs failed to file their original action in either a state court in Connecticut or a federal court in Connecticut. . . . General Statutes § 52-592 (d) does not save the plaintiffs' action from the running of the statute of limitations." (Emphasis added.) *Lippmann* v. *Rashkoff*, supra, 190.[4] Although the issue in *Lippmann* was

---

[4] We note that a literal construction of subsection (d) provides that General Statutes § 52-592 applies to actions brought in the state and federal courts of Connecticut, but that it contains no language limiting the application of § 52-592 to actions brought in these courts. "The legislature is presumed to be aware of the interpretation which the courts have placed upon one of its legislative enactments and of the effect that its own nonaction, thereafter may have." *Herald Publishing Co.* v. *Bill*, 142 Conn. 53, 63, 111 A.2d 4 (1955). "[W]e presume that . . . its subsequent nonaction may be understood as a validation of that interpretation." (Internal quotation marks omitted.) *White* v. *Burns*, 213 Conn. 307, 333, 567 A.2d 1195 (1990). The legislature's failure to take action on this court's construction of § 52-592 in *Lippmann* v. *Rashkoff*, supra, 32 Conn. App. 190, suggests that the legislature agrees with it.

whether the accidental failure of suit statute applied to an action originally filed in a federal district court outside of Connecticut, we cannot overlook the fact that the statute itself and the language of *Lippmann* limit its application to an action brought in a Connecticut court.

For these reasons, we conclude that an arbitration proceeding is not an action for the purpose of the accidental failure of suit statute and that the court properly granted the defendant's motion to dismiss the plaintiff's action.

The judgment is affirmed.

In this opinion the other judges concurred.