25-157-cv
Langara v. Bayer Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-five.

PRESENT:  AMALYA L. KEARSE,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
              *Circuit Judges*.

------------------------------------------------------------------

RACHEL LANGARA, HANS LANGARA,

        *Plaintiffs-Appellants*,

    v.                                              No. 25-157-cv

BAYER CORPORATION, BAYER U.S.
LLC, BAYER HEALTHCARE LLC, BAYER
HEALTHCARE PHARMACEUTICALS INC.,

        *Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANTS:                          Rachel Langara, Hans Langara,
                                         *pro se*, Braintree, MA

FOR APPELLEES:                           Jennifer Greenblatt, Edward
                                         Dumoulin, Sarah Simon,
                                         Goldman Ismail Tomaselli
                                         Brennan & Baum LLP,
                                         Chicago, IL

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Rachel and Hans Langara (collectively, "the Langaras"), proceeding *pro se*, appeal from a December 26, 2024 judgment of the United States District Court for the District of Connecticut (Bolden, *J.*) dismissing all of their claims against Bayer Corporation, Bayer U.S. LLC, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Bayer") as time-barred and some of their claims as preempted by federal law. The Langaras brought product liability and tort claims under Connecticut law stemming from injuries Rachel Langara alleges she sustained from Bayer's prescription drug, Magnevist, a contrast agent used for MRIs. We assume the parties' familiarity with the underlying facts and

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(6). "Dismissal under [Rule] 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law." *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) (quotation marks omitted). Because the Langaras are proceeding *pro se*, their "pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The District Court concluded that the Langaras' claims are time-barred under Connecticut's three-year statute of limitations for product liability and tort claims. *See* Conn. Gen. Stat. §§ 52-577, 52-577a. It also held in the alternative that most of the Langaras' claims are preempted by federal law. *See* 21 U.S.C. § 301 *et seq.*; *Wyeth v. Levine*, 555 U.S. 555, 573 (2009). Because we agree that all of the

Langaras' claims are time-barred under Connecticut law, we affirm without addressing whether the claims are preempted.

Connecticut law requires that tort claims be brought "within three years from the date of the act or omission complained of," Conn. Gen. Stat. § 52-577, and that product liability claims be brought "within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered," *id.* § 52-577a(a); *see Gnazzo v. G.D. Searle & Co.*, 973 F.2d 136, 138 (2d Cir. 1992).

Plaintiffs allege that, while Rachel Langara was administered Magnevist in 2008, her claims did not accrue until 2017, when a doctor informed her that exposure to one of the drug's ingredients "triggered an autoimmune state" and lingered "in her body . . . likely still invoking the reactions initially caused by Magnevist." Supp. App'x 38, 42. Even if we were to accept that the Langaras' claims accrued in 2017, we conclude that all of their claims are time-barred because this action was filed more than three years later, in 2024. *See* Conn. Gen. Stat. §§ 52-577, 52-577a(a); *Certain Underwriters at Lloyd's, London v. Cooperman*, 289 Conn. 383, 411 (2008); *Prokolkin v. Gen. Motors Corp.*, 170 Conn. 289, 302 (1976).

4

Urging a contrary conclusion, the Langaras invoke Connecticut's savings statute, which provides that "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." Conn. Gen. Stat. § 52-592(a); *see Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 131 (2d Cir. 1996). The Langaras brought this action in Connecticut only after filing a nearly identical action in Massachusetts state court within three years of 2017; the Massachusetts action was dismissed for lack of personal jurisdiction. The intermediate appellate courts of Connecticut have repeatedly and uniformly held, however, that the savings statute does not apply if "[t]he plaintiffs failed to file their original action in either a state court in Connecticut or a federal court in Connecticut." *Lippmann v. Rashkoff*, 32 Conn. App. 187, 190 (1993); *Arute Bros., Inc. v. Dep't of Transp.*, 87 Conn. App. 367, 375 (2005). Because the Langaras filed their original action in Massachusetts, not Connecticut, the savings provision does not save their claims.[1]

---

[1] The District Court did not separately address whether the Langaras were entitled pursuant to Conn. Gen. Stat. Ann. § 52-595 to tolling of the statutes of limitations due to fraudulent concealment. We conclude that the Langaras cannot "toll [the] statute[s] of limitations by way of the fraudulent concealment statute" because they failed to plead

5

## CONCLUSION

We have considered the Langaras' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

facts suggesting that "any alleged concealment by [Bayer] was for the specific purpose of delaying the [Langaras'] filing of the complaint." *Normandy v. Am. Med. Sys., Inc.*, 340 Conn. 93, 114 (2021) (cleaned up).