JAMES G. BRODERICK, ADMINISTRATOR (ESTATE OF MARYLORETTE BRODERICK) *v.* LYMAN C. JACKMAN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 5—decision released August 13, 1974

*James J. A. Daly,* with whom were *Robert J. Brennan, Jr.,* and, on the brief, *David Waldman,* for the appellant (plaintiff).

*Thomas H. Cotter,* for the appellee (defendant).

LOISELLE, J. The complaint in this negligence action alleged July 11, 1970, as the date of injury. The writ was returnable on the first Tuesday of November, 1972, and was filed on October 3, 1972. The amended complaint further alleged that the action was brought "pursuant to Section 52-592 of the General Statutes, which in pertinent part provides: 'If any action . . . has failed to be tried on its merits . . . because the writ . . . has been erased from the docket . . . , the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . .'; this Court having on September 20, 1972 granted a motion to erase Docket No. 14 73 90 pertaining to the same cause of action . . . ." The defendant demurred to the complaint and the court sustained the demurrer. The plaintiff has appealed from the judgment for the defendant rendered on the sustaining of the demurrer.

In ruling on the demurrer in the present case, the court took judicial notice of the file of a prior case between the same parties on the same cause of action. The action had been made returnable on the second Tuesday of July, 1972, but was not filed with the court until August 28, 1972. Thereafter the case was erased for lack of jurisdiction. The court held

that as the erasure of the prior case was based on a late filing, the complaint must allege and the plaintiff must prove the circumstances which would show that the failure to file seasonably was "due to unavoidable accident or the default or neglect of the officer to whom it was committed." General Statutes § 52-592.[1]

Section 52-592 was originally enacted in 1862.[2] In addition to certain other stated grounds, the first version of the statute permitted bringing a new action if "the writ fails of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed." The first case to construe the statute viewed it as remedial and applied it liberally. *Johnston* v. *Sikes,* 56 Conn. 589; see also *Ross Realty Corporation* v. *Surkis,* 163 Conn. 388, 393, 311 A.2d 74. In 1917, the statute was amended.[3] The amend-

---

[1] Section 52-592 of the General Statutes provides, in part, as follows: "ACCIDENTAL FAILURE OF SUIT; ALLOWANCE OF NEW ACTION. If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the writ was abated, or has been erased from the docket for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been arrested, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . ."

[2] Public Acts 1862, c. 14.

[3] Public Acts 1917, c. 53. "The provisions of section 1127 [now § 52-592] of the general statutes . . . shall apply to any action erased from the docket of any court for want of jurisdiction . . . ." The background for the 1917 amendment is discussed in *Gilbert* v. *Selleck,* 93 Conn. 412, 416–17, 106 A. 439.

ment added erasure for lack of jurisdiction as a distinct, independent and self-sufficient ground which could be used as the basis for commencing a new action. As it appears in the present statute, the clause relating to erasures for lack of jurisdiction is general and comprehensive, and neither embodies nor suggests dependency on or reference to any of the other enumerated grounds. The clauses in the statute which set forth the various grounds for commencing a new action appear in the disjunctive and provide alternate bases for instituting a new suit. By its very terms the statute expressly gives the plaintiff the right to bring another action within a year if the prior action was erased for want of jurisdiction.

Section 52-592 requires that the initial suit be "commenced within the time limited by law." The defendant contends that the plaintiff's suit did not "commence" in that the writ was not returned in compliance with § 52-47. As the complaint pleaded § 52-592, the issue of whether the plaintiff commenced the initial suit within the time limited by law was a matter of proof and could not be disposed of by demurrer. See *Senior* v. *Hope,* 156 Conn. 92, 98, 239 A.2d 486. Aside from this, an action is commenced not when the writ is returned but when it is served upon the defendant. *Seaboard Burner Corporation* v. *DeLong,* 145 Conn. 300, 303, 141 A.2d 642; *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109, 20 A.2d 621; *Spalding* v. *Butts,* 6 Conn. 28, 30. If the facts pleaded in the complaint supported the cause of action relied upon, the demurrer should be overruled. *Covino* v. *Pfeffer,* 160 Conn. 212, 214, 276 A.2d 895; *Middletown Trust Co.* v. *Middletown*

*National Bank,* 110 Conn. 13, 21, 147 A. 22; *Blake-slee* v. *Water Commissioners,* 106 Conn. 642, 649, 139 A. 106.

In its memorandum of decision, the court apparently found support for its ruling in *Bassett* v. *Foster,* 116 Conn. 29, 163 A. 456. In that case, the plaintiff relied on and pleaded the accidental failure of the return rather than an erasure for want of jurisdiction. Id., p. 30. It does not follow, however, that accidental failure must be shown under § 52-592 when a party brings a new action under another of the enumerated grounds. While the facts in the record are incomplete, it is possible that the plaintiff could have pleaded under the accidental return clause, but instead he elected to use the ground of erasure for lack of jurisdiction. Nothing in the statute prevents such an election since, as pointed out above, each of the grounds may be used independently.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.