[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#117)
This case arises out of an automobile accident which occurred on November 14, 1986. Plaintiff Vincenzo R. Martino alleges property damage only. The defendants are moving for summary judgment on their special defense that the action is barred by the applicable statute of limitations, Conn. Gen. Stat. 52-584.
In his answers to defendants' request for admissions plaintiff admits the following facts. On November 14, 1986, the plaintiff allegedly sustained property damage to his motor vehicle. A summons and complaint were delivered to Sheriff Zezima for service on the defendants prior to November 14, 1988, but Sheriff Zezima failed to serve the defendants prior to November 14, 1988, or at any time thereafter. No service was made by any sheriff on either defendant prior to November 14, 1988 or prior to November 29, 1988. In response to an interrogation, plaintiff stated that "Sheriff Zezima past [sic] away before service was effected." CT Page 6193
This action was commenced by service of the writ, summons and complaint by service on the defendants on November 13, 1989 (defendant Puffert) and November 22, 1989 (defendant General Credit Electric Co.). Plaintiff alleges that the action is brought pursuant to Conn. Gen. Stat. 59-592 [sic]. It is submitted that plaintiff intends that the action is brought pursuant to Conn. Gen. Stat. 52-592. Defendants filed an answer and special defense, to which the plaintiff has replied, closing the pleadings.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a a matter of law." Conn. Practice Bk. 384 (rev'd to 1978; updated to 1990). "`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . .' (citation omitted) . . . `to oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavit and documents.'(citation omitted)." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79 (1990).
In Connecticut, an action is "commenced" when process is served on the defendant. Lacasse v. Burns, 214 Conn. 464, 475
(1990); see also Broderick v. Jackman, 167 Conn. 96, 99 (1974). In the case at bar, the action which plaintiff claims is "saved" by Conn. Gen. Stat. 52-592 was never "commenced" because it was never served on the defendants. Conn. Gen. Stat. 52-592
"saves" actions which were commenced when the time limited by law, but which failed to be tried on the merits for any of the enumerated reasons. It is found that because plaintiff's original action was never commenced, Section 52-592 is inapplicable.
The alleged accident which gives rise to this occurred on November 14, 1986. Such an action, alleging property damage, must be brought when two years of the date the injury is sustained. Conn. Gen. Stat. 52-584. Because this action was not brought until almost three years after the date of the injury, it is time barred. Therefore, the defendant's motion for summary judgment is granted.
JOHN J. P. RYAN, J.