[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, State of Connecticut, pursuant to Practice Book 155, moves this court to strike the complaint pursuant to Conn. Gen. Stats. 52-582.
In passing upon a motion to strike, the court will assume the truth of the pleading under attack, Ivey, Barnum O'Mara,190 Conn. 528, 530, n. 2. and will construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987).
Conn. Gen. Stats. 52-582 reads that "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of."
Final judgment was entered in the criminal matter of the plaintiff on November 10, 1988.
The return of the sheriff reflects that service was made on the defendant James Thomas, personally, at 101 Lafayette Street, Hartford on November 21, 1991 and service was made on the Attorney General for defendant State of Connecticut on November 29, 1992.
On March 23, 1992 the court (Hammer, J.) granted the motion to strike the named defendant James Thomas.
The commencement of an action is the date of service of the writ upon the defendant. McGaffin v. Roberts, 193 Conn. 393,401, n. 9; Broderick v. Jackman, 167 Conn. 96, 99. CT Page 6486
Regardless of what date of service is the operative date (November 21 or November 29, 1991) to establish service upon the defendant State of Connecticut, it is clear that the date of service exceeds the 3 year statute of limitations established in Conn. Gen. Stats. 52-582.
The plaintiff, Mr. Walker, claims that Conn. Gen. Stats.52-593a provides him with an additional grace period within which service can be made. Conn. Gen. Stats. 52-593a(a) reads in relevant part:
 ". . . a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within 15 days of the delivery."
It is noteworthy that section (b) of the statute reads:
 ". . . in any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section."
A review of the return executed by the Deputy Sheriff gives no indication when the process was personally delivered to the process server.
In light of the return not being perfected, this court cannot determine whether Conn. Gen. Stats. 52-593a(a) saves this cause of action.
A motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. Practice Book 152, Baskins Appeal from Probate, 194 Conn. 635,640.
The motion to strike is granted.
Miano, J. CT Page 6487