[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF KELLEY, DRYE WARREN ON AMENDED THIRD PARTY COMPLAINT
This action was initiated as a mortgage foreclosure proceeding against the named defendant, Daniel Fucetola, who purchased a condominium unit from Riverside Plaza, Inc. (Riverside) on September 30, 1988. Part of the purchase price was funds supplied by the defendant Dime Real Estate Services — Connecticut, Inc. At the closing of title on September 30, 1988, Kelley, Drye Warren (KDW) represented the seller, Riverside, and the mortgage lender. Fucetola was represented as the buyer of the condominium unit and the mortgagor by Attorney Charles Fiore of the law firm of Roina, Fiore and Fiore. CT Page 1878
The defendant KDW has filed a motion for summary judgment on the second, third, fourth and fifth counts of the amended counterclaim of Daniel Fucetola. The original counterclaim was not filed until October 26, 1991, when a copy of the counterclaim was served upon KDW. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33; Broderick v. Jackman, 167 Conn. 96,99. The first count is based on an alleged false, fraudulent or forged conditional certificate of occupancy (C/O) dated January 12, 1988 and delivered to Fucetola at the closing on September 30, 1988. The first count claims that Fucetola was injured by representations of the defendants, which would include KDW, in the making of the mortgage deed and mortgage note on September 30, 1988. The second count of the original counterclaim incorporates the first count and alleges a conspiracy to defraud Fucetola by the mortgage lender and KDW in the presenting of a false, fraudulent or forged C/O at the closing and the attempt to pass off the subsequent "corrected" second C/O as the document passed at closing. The complaint states that the second conditional and corrective certificate of occupancy was issued some time during 1989 and back dated to January 12, 1988. The first and second counts of the original counterclaim have become counts two and three of the amended counterclaim filed April 26, 1993. However, the second count has been amended to include claims based upon noncompliance with the Federal Truth and Lending Act and diversion of some of the borrower's funds at the closing to a special bank account held by KDW, and use of those funds to make payments every month for one year under the Live Free Mortgage program. While it is difficult to see how Fucetola can complain about these payments since they were beneficial to him, a letter submitted as part of the motion for summary judgment shows that the last payment was made on October 13, 1989 by KDW. The fourth count of the amended third party complaint and counterclaim alleges breach of contract by KDW and others. The fifth count claims legal malpractice against KDW by presenting a false certificate of occupancy, payments under the Live Free program and for attempting to pass off a second C/O on September 24, 1990 as the C/O passed at closing. The fifth count also states claims that KDW had a fiduciary duty to Fucetola until the Live Free program payments concluded in October, 1989.
A summary judgment may be granted under 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, CT Page 1879 364. To prove that there is no genuine issue as to any material fact the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445. A material fact is a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578; Booth v. Flanagan, 23 Conn. App. 579, 584. A genuine issue is either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsmen, Inc. v. Young, 18 Conn. App. 463, 465. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 608, 616. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364.
Summary judgment is appropriate where claims in a complaint or a counterclaim are barred by the statute of limitations Burns v. Hartford Hospital, 192 Conn. 451, 454, 460; Barnes v. Schlein,192 Conn. 732, 738; Mac's Car City, Inc. v. American National Bank,205 Conn. 255. The original counterclaim commenced on October 26, 1991 when KDW was served with the third party complaint and counterclaim naming it as a third party defendant. Broderick v. Jackman, supra, 99. Since that was more than three years after the closing on September 30, 1988, Fucetola cannot maintain any claims against KDW which were based upon conduct which occurred at or prior to the closing if the legal theory of recovery is subject to a three year statute of limitations. Section 52-577 of the General Statutes applies to all torts which are not specifically covered by another statute. Collens v. New Canaan Water Co., 155 Conn. 477,491. That statute provides "no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Fraud claims, which would include a claim of fraudulent misrepresentation or fraudulent inducement to enter into a transaction, are governed by 52-577. Rosenblatt v. Berman,143 Conn. 31, 39; Wedig v. Brinster, 1 Conn. App. 123, 137. The three year period in 52-577 for commencement of the action begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. Prokolkin v. General Motors Corp., 170 Conn. 289, 294-302; Fichera v. Mine Hill Corp., CT Page 1880207 Conn. 204, 212, 218. A claim of civil conspiracy is also a tort governed by the same statute. The count for a conspiracy inducing Fucetola to buy the condominium unit and enter into the mortgage was also based on conduct which occurred on or before September 30, 1988, which is barred by 52-577. Assuming that the attempt to supply a corrective certificate of occupancy occurred in October 1989 to supplement wrongful conduct which had occurred on September 30, 1988, the sale and mortgage closing had already occurred, so any fraudulent conduct by KDW in October 1989, alone or in conjunction with others, did not cause Fucetola to purchase and mortgage the unit. Claims of fraudulent misrepresentation or fraud have as a necessary element a requirement that in reliance upon the fraudulent act the injured party takes some action which causes an injury. Miller v. Appleby, 183 Conn. 51, 54, 55. If a claimant has no cause of action for fraud, he has no cause of action for conspiracy to commit fraud.
The second count of the amended third party complaint expands the first count of the original third party complaint to allege violations of the Federal Truth in Lending Act and to contest the payment of funds by KDW pursuant to the Live Free Mortgage program for one year after the closing of title, which Fucetola claims was based on an implied representation that there was a valid certificate of occupancy for the unit. Even if KDW failed to comply with the Federal Truth in Lending Act, and Fucetola has a cause of action based upon that non-compliance, 15 U.S.C. § 1635(f) provides that the borrowers right to rescind expires three years after completion of the mortgage transaction. Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 102. These claims are part of the fraudulent misrepresentation claim, and would also be barred by the three year statute of limitations in 52-577. These additional claims are also a material change from the original fraudulent misrepresentation claim and are an entirely new and different factual basis for the fraud claim. Where a claimant attempts to amend a complaint or counterclaim to add a new cause of action, it does not relate back to the filing of the original complaint or counterclaim for purposes of deciding if the new claim is barred by the statute of limitations. Gurliacci v. Mayer,218 Conn. 531, 546; Sharp v. Mitchell, 209 Conn. 59, 71-73; Keenan v. Yale New Haven Hospital, 167 Conn. 284, 286. The claims based on the Federal Truth in Lending Act and the Live Free Mortgage program were not part of the original counterclaim and therefore amount to a new cause of action. The amended counterclaim was filed April 26, 1993, so all conduct prior to April 26, 1990 would be barred. The last payment by KDW on the Live Free Mortgage program occurred CT Page 1881 in October 1989, and the noncompliance with the Federal Truth in Lending Statement occurred in 1988. The conspiracy count as amended fails for similar reasons. The fact that KDW may have sent the second corrective certificate of occupancy as an attorney for Dime Savings Bank in September 1990 does not aid Fucetola or revive an already moribund cause of action. The second and third counts of the amended third party complaint are barred by the statute of limitations.
The fifth count of the amended third party complaint alleges for the first time a claim of legal malpractice against KDW. The statute of limitations for legal malpractice is also 52-577 since it is not expressly covered in 52-584 of the General Statutes. For reasons previously stated, the claims based upon conduct of KDW prior to April 26, 1990 for legal malpractice are barred by the statute of limitations.
The legal malpractice claim also fails because KDW did not have an attorney/client relationship with Fucetola, and Fucetola was not the intended or foreseeable beneficiary of the legal services rendered by KDW. For the sale and mortgage closing Fucetola had his own attorney, Charles Fiore. On the other hand, KDW represented the seller, Riverside, and the mortgagee, Dime Real Estate Services. KDW owed no fiduciary duty to Fucetola because it did not represent him, and in fact represented parties in an adversary position. The Connecticut courts have been reluctant to extend liability of an attorney to a person other than the attorney's client, and the general rule is that the attorney is not liable to non-clients for the negligent rendering of legal services. Krawczyk v. Stingle, 208 Conn. 239, 244. Attorney noncompliance with the Code of Professional Responsibility does not give rise to a third party cause of action for damages by a nonclient. Mozzochi v. Beck, 204 Conn. 490, 500. Liability has been denied because of concerns about interfering with an attorney's primary duty of loyalty to the best interests of the client. Id., 501. This case does not present facts in the pleadings or documents filed on the motion for summary judgment which support a claim that Fucetola is a foreseeable third party beneficiary of the legal services provided by KDW to Riverside and Dime Real Estate Services. Basically, the only situation in Connecticut where an attorney may be liable to a third party is when the plaintiff shows he or she was an intended non-client beneficiary of a will drafted by an attorney which did not carry out the testator's intent. See Stowe v. Smith, 184 Conn. 194. While not specifically discussed here, the court adopts the analysis on pages 24-30 of KDW's brief. CT Page 1882
The fourth count of the amended third party complaint alleged breach of contract. The effective date of filing this claim would also be April 26, 1990. Breach of contract claims are governed by the six year statute of limitations in 52-576 which does not bar the claim. However, in order to have a breach of contract claim, there must be a contract between the parties which was breached by the party being sued. As previously stated there was no attorney/client relationship between KDW and Fucetola. Both an implied contract and an express contract require an actual agreement between the parties. Therrien v. Safeguard Manufacturing Co., 180 Conn. 91, 94. There is clearly no written agreement between KDW and Fucetola, and no evidence has been produced of any oral agreement between them. In order to recover for breach of contract, the claimant must either be a party to a contract or a contemplated beneficiary of one. Coburn v. Lenox Homes, Inc.,173 Conn. 567, 570. A person has a cause of action as a third party beneficiary only when the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary. Knapp v. New Haven Road Construction Co.150 Conn. 321, 325; Stowe v. Smith, supra, 196. That situation clearly does not exist here.
The motion for summary judgment is granted as to the defendant Kelley, Drye and Warren on the second, third fourth, and fifth counts of the amended third party complaint.
ROBERT A. FULLER, JUDGE