[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
The defendant moves to dismiss counts three and four of plaintiff's complaint. Count three is brought pursuant to the accidental failure of suit statute; General Statutes § 52-392; and alleges generally that the defendant negligently participated in the sale of plaintiff's property that the defendant erroneously concluded was subject to its client's lien. Count four alleges a CT Page 10176 violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42a-110 et seq.
The facts giving rise to the defendants' motion are not disputed. On January 17, 1992 the defendant and/or its agents conducted an auction at which time property belonging to the plaintiffs was sold. The plaintiffs thereafter commenced an action alleging that the defendants negligently sold their property in that it was not the property on which the defendant's client had an outstanding lien. That case, Robert F. Welsh, etal. v. Petrowsky Auctioneers, Inc., et al, CV-94 0460798-S, was commenced by service of the writ summons and complaint on January 18, 1994 — two years and one day after the incident in question. In May 1994 that action was dismissed by the court, Lavine, J., of the failure of the plaintiff to return the process to court six days before the return date as required by General Statutes § 52-46a.
In response to the dismissal of the earlier suit, the present action, containing identical claims as the first suit, was commenced in May, 1994. Count three of the instant complaint is brought pursuant to § 52-592, the accidental failure of suit statute, which provides in relevant part that
 [i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of . . . return of the writ due to unavoidable accident . . ., the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . .
The defendant's Motion to Dismiss argues that the present case is not saved by § 52-592 because: (1) the first case was not"commenced within the time limited by law"; and (2) because the late return of the process in the first case was not "due tounavoidable delay" (emphasis supplied).
In order to satisfy § 52-392 it is necessary that the first action have been "commenced within the time limited by law." Because that action sounds in negligence it is governed by the two year statute of limitations. General Statutes § 52-584. As the allegedly negligent sale occurred on January 17, 1992, it should have been commenced no later than January 17, 1994. CT Page 10177 Because it was not commenced until January 18 — one day too late — the defendant argues that it was "not commenced within the limited by law" as required by the § 52-392.
While the plaintiff acknowledges that its original action was brought after the two year statute of limitations expired, it argues that it is protected by § 52-593a, which provides that
 [a] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
The plaintiff has supplied an affidavit by its sheriff Barbara Hill stating that she picked up the affidavit on January 18, 1994 and served it on the defendant on the same day.
This case is controlled by Lacasse v. Burns; 214 Conn. 464
(1990); which held that "service made in accordance with General Statutes § 52-593a "commence[s] an action as specified in § 52-592." 214 Conn. at 466. In that case, as in the present matter, the plaintiff, after its first action was dismissed, filed a second action pursuant to § 52-592. The second action was brought 366 days after the dismissal of the first case, or one day beyond the one year period specified by § 52-592. However, because "the writ, summons and complaint were delivered to a sheriff and subsequently served upon him within the time period authorized by General Statutes § 52-593a, within fifteen days of the delivery of the writ to a proper officer", the court concluded that it was commenced within the time limited by law, as required by § 52-592.
Because the present case is factually and legally indistinguishable from LaCasse v. Burns; this court concludes that the plaintiff's action was commenced within the time limited by law in that it was commenced in accordance with the requirements of § 52-593a.
The defendant next argues that count three should also be CT Page 10178 dismissed because the late return of process in the first case was not due to "unavoidable accident" within the meaning of § 52-392. While the late return is evidently attributable to the sheriff's oversight this is a matter for plaintiff's proof at trial. This is not properly the subject of a motion to dismiss which "assert[s] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 298 (1987); Broderick v. Jackman, 167 Conn. 96, 99
(1974).
The defendant Cummings Lockwood also moves to dismiss the fourth count of plaintiff's complaint which alleges that it violated the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a, et seq. The defendant relies onJackson v. R.G. Whipple, Inc, 225 Conn. 205 (1993) in which the Supreme Court concluded that CUTPA does not provide a cause of action against the attorney of a former party opponent. The Court's decision rested both on its determination that "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm"; Id, at 726-27; and its concern with the chilling effect on the attorney client relationship caused by CUTPA liability.
In the present case the plaintiff and Cummings Lockwood did not possess an attorney client relationship. Indeed the allegations of plaintiff's complaint, which must be accepted as true for the purpose of evaluating the motion to dismiss;Baskin's Appeal from Probate; 194 Conn. 635 (1984); reflect that the plaintiff was an innocent third party in the alleged negligent sale. While this same fact may very well preclude a finding that there existed "some type of consumer relationship with the party that caused the harm"; Jackson v. R.G. Whipple, supra; nevertheless, this is a matter for plaintiff's proof at trial and not a question that implicates the subject matter jurisdiction of the court.
Accordingly, the defendant Cummings Lockwood's Motion to Dismiss Counts three and four of plaintiff's complaint is denied.
SO ORDERED.
Holzberg, J. CT Page 10179