[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO STRIKE
The defendant moves to strike the complaint on the ground that the action was commenced prior to the expiration date on the notice to quit. CT Page 8542
The Notice to Quit was served on May 1, 1995 specifying lapse of time as the reason for termination and providing, June 1, 1995 as the terminal date of possession. The summons and complaint which included a return date of June 8, 1995, were served on the defendant on June 2, 1995 and returned to court on June 5, 1995[1]. The summons and complaint were signed by a Commissioner of the Superior Court on May 31, 1995.
A motion to strike tests the legal sufficiency of the allegations of the complaint. P.B. § 154. Here the defendant's claim is a jurisdictional one peculiar to summary process proceedings. Accordingly, since this issue is one of subject matter jurisdiction, the court will treat the motion as a motion to dismiss. P.B. § 145.
The defendant argues that the plaintiff should not have signed the summons and complaint prior to the date provided in the notice to quit. While neither party cited it, C.G.S. §47a-23 sets forth the procedure for initiating suit after the notice to quit. It reads in pertinent part:
 (a) If, at the expiration of the five days [under C.G.S. § 47a-23(a)] the lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of any ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for, immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises.
[Italics added]
Both parties focus on the commencement of this suit as the determinative factor. However, the statute refers to the issuance of the writ, summons and complaint.[2] They are distinct occurrences. As the plaintiff noted, an action commences upon service on the defendant, not upon the issuance of the summons and complaint. Broderick v. Jackman, 167 Conn. 96, 99 (1974). Here the action commenced by service on the defendant after the termination date of the notice. However, the issuance of the writ, summons and complaint occurred prior to the termination date of the notice.
This statutory provision has been interpreted twice in this CT Page 8543 court. In Interfaith Housing v. Hone, H-24 (1979) (O'Neill, B., J.), the court found that a writ dated the same day as the termination day on the notice but served the day after did not comply with the statute: "Section 47a-23 clearly provides that a writ, summons and complaint cannot issue, under these circumstances, until the expiration of five (5) days as provided for in the notice to quit."(pp. 2-3) Similarly, in Kowalczyk v.Brown, H-224 (1980) (Spada, J.), the court dismissed a case where the expiration date on the notice was the same as the writ issuance date. Citing the Interfaith case, the court there noted "a complaint can neither be issued nor served prior to the expiration date of the notice to quit."(p. 2)
This failure to comply with C.G.S. § 47a-23a is not a voidable defect waived by the defendant in its failure to file the proper motion in the proper sequence. P.B. § 145. "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action."Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 582 (1988).
Accordingly, for the above reasons, the case is dismissed.