[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #103
This is an automobile tort claim against defendants Joseph Gasparri, operator, Estelle Ganezer, dba Feiner Auto, employer and Feiner Auto Parts Sales, Inc., employer. The accident occurred, on January 20, 1995. Service of the complaint was made upon Ganezer and Feiner Auto on January 28, 1997. On February 4, 1997, service was made upon Gasparri. The return of service was signed by Deputy Sheriff Joseph Sullivan.
The defendants filed on answer and special defense, in which they asserted that the plaintiffs failed to state a cause of action within the appropriate statute of limitations, General Statutes § 52-584. Thereafter, the defendants filed a motion for summary judgment on the ground that the plaintiffs' action is time barred pursuant to § 52-584.
On August 22, 1997, the plaintiffs filed an objection to the defendants' motion, claiming that this action was timely commenced pursuant to General Statutes § 52-593a. Attached to CT Page 8953 the plaintiffs' objection is an affidavit, dated August 22, 1997, from New Haven County deputy sheriff Thomas Denihan, attesting that the Writ Sumons and complaint were delivered into his hands for service on January 18, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . ." (Internal quotation marks omitted.) Id., 745. "Summary Judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1996).
The defendants argue that the two year limitation period prescribed by General Statutes § 52-584 expired on January 20, 1997. Since service was made upon all the defendants after that date, the defendants contend that the plaintiffs' action is now time barred. In response, the plaintiffs maintain that their action against the defendants is timely, being properly within the scope of General Statutes § 52-593a.
General Statutes § 52-584 provides, in relevant part: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained . . . ." "In Connecticut, an action is commenced on the date or service of the writ upon the defendant." Hart,Nininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619,548 A.2d 758 (1988); see also Broderick v. Jackman,167 Conn. 96, 99, 355 A.2d 234 (1974). Therefore, the plaintiffs' action would ordinarily be barred unless commenced on or before January 20, 1997.
"[T]he legislature has [however] specifically delineated a number of instances where the statute of limitations will be tolled." Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,160, 464 A.2d 18 (1983), citing General Statutes §§ 52-592
through 52-595. Although there is a two year limitations period for negligence actions, General Statutes § 52-593a is a "statutory exception to the expiration of the limitations CT Page 8954 period . . . ." Converse v. General Motors Corp., 893 F.2d 513,516 (2d Cir. 1990). General Statutes § 52-593a(a) provides, in relevant part, that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." Subsection (b) provides that "in any such case the officer making service shall endorse under oath on his return the date or delivery of the process to him for service in accordance with this section."(emphasis added)
In the present case, the sheriff's return does not contain an endorsement indicating the date process was delivered to the sheriff. The plaintiffs attempt to cure this defect by submitting the affidavit of Deputy Sheriff Denihan, who avers that process was delivered into his hands on January 18, 1997. Even if this court were to adopt the view in those line of cases[1] which permit the filing of an affidavit subsequent to the filing of the return there as a problem with the affidavit filed in this matter.
As noted above the saving statute, Section 52-593a (b) provides that "the officer making service shall endorse under oath on his return the date of delivery". In this matter a different sheriff, Sheriff Denihan, attempted to verify that Sheriff Sullivan delivered the complaint on January 18, 1997 This does not comply with the statute, which provides that the officer making service must endorse the return, Sheriff Denihan was not the "officer making service". The plaintiff has not come within the saving provisions of Section 52-593 a(b).
Although the plaintiff failed to comply with respect 52-593
a(b) as to all of the defendants, the plaintiff in addition has not even complied with the provisions of 52-593a as to the defendant Gasparri. The saving statute 52-593a provides that if you place the writ with the sheriff before the time limited by law the case will not be "lost" if the process is served within 15 day of delivery. This process was not served on defendant Gasparri within 15 days after the process was delivered into the hands of a sheriff. Sheriff Sullivan did not make service on defendant Gasparri until February 4, 1997, 17 days after the complaint was given to a sheriff. This is an additional reason for granting the Motion for Summary Judgement in favor of the defendant Gasparri. CT Page 8955
The plaintiffs have not complied with the provisions of General Statutes Section 52-584 nor have they complied with the remedial provisions of 52-593a(b). The plaintiff's Motion for.
Summary Judgment is granted.
PELLEGRINO, J.