[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on a motion for summary judgment regarding the counts of the plaintiff's complaint that allege violation of the Dram Shop Act, General Statutes § 30-102, on the ground that these counts are barred by the statute of limitations.
In her revised complaint, the plaintiff, Lisa Anastasi, claims that she was injured on September 19, 1997, when assaulted by co-defendant Laura Pierlioni on the premises of Laurel Lanes, a bowling alley located at 136 New Britain Avenue, Plainville, Connecticut. The plaintiff alleges that defendant Marcel Lessard was the permittee of the establishment, defendant Arthur Grayson was the owner of the business and defendants Laurel Associates, LLC and Laurel Properties, LLC were the owners of the property.[1] The plaintiff alleges that the defendants Lessard, Grayson, Laurel Associates and Laurel Properties are liable for her claimed injuries because they sold alcoholic beverages to her assailant, CT Page 10916 when they knew or should have known she was in an intoxicated state.
On March 9, 2000, the defendants Lessard, Grayson, Laurel Associates and Laurel Properties jointly filed a motion for summary judgment (#116) on counts one (Lessard), six (Grayson), seven (Laurel Associates) and eight (Laurel Properties) of the plaintiffs complaint, which allege violations of the Dram Shop Act. The plaintiff failed to file an opposing memorandum or to appear at oral argument. The court heard oral argument at short calendar on May 15, 2000, and now issues this memorandum of decision
 DISCUSSION
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
The Dram Shop Act specifically provides that "no action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of." § 30-102. As such, the Act "fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993).
An action is not "commenced" until process is actually served upon the defendant. See Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234
(1974). In Connecticut, courts have used the terms "commence" and "brought" interchangeably to describe, the initiation of an action. SeeBolduc v. Durocher, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 361993 (March 6, 1992, Schaller, J.).
In this case, the alleged incident occurred on September 19, 1997. The defendants were not served with process until September 13, 14 and 15, 1999, and the writ, summons and complaint were not filed until October 1, 1999. Therefore, the action was not commenced within the one year requirement of § 30-102. Accordingly, the defendants' motion for summary judgment on counts one, six, seven and eight is granted.
BY THE COURT Hon. Andre M. Kocay, J. CT Page 10917