[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#113)
This is a personal injury lawsuit arising out of a motor vehicle accident. The plaintiff, Evelyn Alagrin, alleges that on December 23, 1997 while traveling southbound on Interstate 91 in New Haven, she was struck from behind by the defendant, Andrew Vitale's vehicle. The plaintiff alleges that due to the defendant's negligence she sustained physical injuries.
The defendant has moved for summary judgment asserting that the plaintiff's action is barred by the two year statute of limitations contained in General Statutes § 52-584. The plaintiff acknowledges that the present action commenced beyond the two year limitations period, but claims that the case is not time-barred because of the application of the accidental failure of suit statute General Statutes § 52-592. For the reasons set forth below, the defendant's motion for summary judgment must be granted.
 I BACKGROUND
The following facts are not in dispute.
On December 22, 1999, plaintiff's counsel delivered a writ of summons and complaint to Deputy Sheriff Andrew Esposito in order to make proper service upon the defendant. The statute of limitations was due to expire on December 27, 1999. On January 12, 2000, plaintiff's counsel contacted Sheriff Esposito and learned that the sheriff had not served the original summons and complaint upon the defendant within the applicable limitations period or the additional fifteen day period allowed by General Statutes § 52-593a. The sheriff was unable to locate the original writ of summons and complaint.
Upon learning that the sheriff had lost the original papers, plaintiff's counsel prepared a new complaint adding paragraph 11 that alleged that the action was brought pursuant to General Statutes §52-592. This new complaint, together with a writ of summons, was served on the defendant on February 11, 2000 — two years and fifty days after the date of the motor vehicle accident.
 DISCUSSION
CT Page 5876
The accidental failure of suit statute, § 52-592, provides in part:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of. . . . . . the plaintiff . . . may commence a new action . . . within one year . . . of the original action. (Emphasis added).
The extension of time allowed by § 52-592 is "applicable to all cases where a suit, seasonably begun, has failed for the causes stated."Isaac v. Mount Sinai Hospital, 210 Conn. 721, 728 (1989). Section 52-592
applies only when there has been an original action that had been commenced in a timely fashion. Capers v. Lee, 239 Conn. 265, 271 (1996). While the accidental failure of suit statute is remedial and designed to avoid hardships arising from unbending enforcement of limitations statutes, id., the clear language of the statute limits its application to actions "commenced within the time limited by law." Section 52-592.
Under Connecticut law, an action is commenced once the writ, summons and complaint have been served upon the defendant. Rana v. Ritacco,236 Conn. 330, 337 (1996); see also Broderick v. Jackman, 167 Conn. 96, 99
(1974) ("action is commenced not when the writ is returned but when it is served on the defendant), Donahue v. Dearborn, 5 Conn. Cir.Ct. 487, ___, (1969) ("it is the service on the defendant which commences the action"). Moreover, it is not attempted service but actual service that commences an action in Connecticut. Gallop v. Commercial Painting Co.,42 Conn. Sup. 187, 188, 6 Conn.L.Rptr. 9 (1992) (Blue, J.).
Applying the above authority to the present facts, the court cannot find that delivery of the writ, summons and complaint to Sheriff Esposito "commenced" the plaintiff's action. Accordingly, the court cannot find that the accidental failure of suit statute applies to extend the statute of limitations. This view in accord with the majority of Superior Court cases that have confronted efforts to apply § 52-592 under similar circumstances. See Battaglia v. Colonial Condominium Assoc., Inc., 1998 WL 148368S, Conn. Super. Docket No. CV 97-0157598 S (March 24, 1998, Karazin, J.) (accidental failure of suit statute does not apply where process timely delivered to server, but not served within limitation period); Dolan v. Germond, 1997 WL 200754, Conn. Super., Docket No. CV CT Page 5877 96-0330461 (April 14, 1997, Thim, J.) (same); Adamec v. Hartford East Elderly Apartments LP, 1990 WL 283880, Conn. Super., Docket No. CV 367902 (July 19, 1990 Mulcahy, J.) (same).
Plaintiff correctly points out that a contrary result was reached inClarke v. Estate of Theresa Morton, 2000 Conn. Super. LEXIS 459 (ID. Windham, February 23, 2000, Kocay, J.). In Clarke, the plaintiff delivered process to the sheriff who died before service was made. The plaintiff commenced a new action after the expiration of the statute of limitations. The court ruled that application of the accidental failure of suit statute presented an issue of fact and denied the defense motion for summary judgment. The Clarke opinion does not discuss how the plaintiff "commenced" the original case. As discussed above, the prevailing view is that mere delivery of process to the sheriff is not sufficient to commence an action.
 CONCLUSION
For the reasons set forth above, the motion for summary judgment must be granted because the court finds that the present action was commenced beyond the applicable two year statute of limitations and is therefore time-barred.
So Ordered at New Haven, Connecticut this 4th day of May, 2001.
Devlin, J.